ISHEE, J.,
dissenting:
¶ 14. While I respect the majority’s opinion, I must dissent, as I believe this Court has jurisdiction over Kenneth Keys’s appeal, and the issues are clear.
¶ 15. In his first assignment of error, Keys argues that the Forrest County Circuit Court erred when it found that the Mississippi Department of Corrections (MDOC) correctly determined that he was ineligible for parole as to his life sentence for murder. Both Keys and the State contend that pursuant to Mississippi Code Annotated section 47-7-3 (Supp.2009), Keys is not eligible for parole on his five-year sentence for simple assault of a police officer. After substantial review, I am unable to find support in the record for Keys’s contention that his five-year sentence is not eligible for parole.[9] Regardless of whether Keys is eligible for parole on his five-year sentence, Mississippi Code Annotated section 99-19-21 (Rev.2000), prevents his release on parole for the 1987 murder conviction and life sentence because his five-year sentence must run consecutively to his life sentence.
*787 ¶ 16. Section 99-19-21(1) prevents Keys from being paroled on his 1987 life sentence and serving his five-year sentence for simple assault. Section 99-19-21 states:
(1) When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
(2) When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.
(Emphasis added). Because Keys was convicted of committing simple assault on a police officer while he was on parole, Keys must complete his life sentence for the murder conviction before he can begin serving his five-year sentence for simple assault. Furthermore, Keys’s sentence for simple assault on a police officer was ordered to run consecutively to Keys’s life sentence for murder. See Miss.Code Ann. § 99-19-21(1). Thus, even if section 99-19-21(2) did not apply to Keys’s five-year sentence, section 99-19-21(1) prevents him from serving his five-year sentence until the completion of his life sentence.
¶ 17. In Snow v. Johnson, 913 So.2d 334, 337 (¶ 11) (Miss.Ct.App.2005), this Court upheld the MDOC’s interpretation of section 99-19-21, finding that the MDOC’s prior practice of allowing inmates to interrupt their parole-eligible sentences to serve their non-parole-eligible sentences was contrary to section 99-19-21. In this case, Keys must first serve his life sentence, without eligibility for parole or probation, before he can serve his five-year sentence; thus, his life sentence will equate to his entire lifetime. Accordingly, Keys will never technically be able to serve his five-year sentence for simple assault on a police officer since completion of his life sentence should occur upon his death.
¶ 18. In his second assignment of error, Keys argues that the 1995 amendment to Mississippi Code Annotated section 47-7-3 should not be applied to his life sentence for murder because he was convicted and sentenced prior to 1995. According to Keys, use of section 47-7-3 to deprive him of parole eligibility on his 1987 life sentence for murder violates the Ex-Post-Facto Clause of Article I, Section 10 of the United States Constitution.
¶ 19. As mentioned previously, I see no indication in the record that section 47-7-3 had any bearing on Keys’s parole eligibility on either of his sentences. The true impediment to Keys’s parole continues to be section 99-19-21, which requires that Keys complete his life sentence before beginning service of his five-year sentence. Because it appears the record does not support Keys’s contention that either of his sentences has been affected by the 1995 amendment to section 47-7-3, I be *788 lieve that his argument that application of that section to his sentence constitutes an ex-post-facto law is without merit.
KING, C.J., AND MYERS, PJ..-JOIN THIS OPINION.

. It appears that the parties relied on section 47-7-3 (1)(a) or section 47 — 7—3 (1 )(g) in determining that Keys’s five-year sentence is not eligible for parole. However, there is no support in the record that either of those subsections would apply to Keys’s five-year sentence. Keys was not sentenced as a habitual offender. Furthermore, simple assault of a police officer is not one of the crimes enumerated in section 47 — 7—3(1 )(g) for which an offender loses parole eligibility. See Miss. Att’y Gen. Op. No. 2001-0545, 2001 WL 1229381, Johnson (Sept. 19, 2001).